UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANUEL TIJERINO                                   CIVIL ACTION

VERSUS                                             NO: 21-907

ADMINISTRATORS OF
THE TULANE EDUCATIONAL FUND        SECTION: "H"

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Leave to Amend Complaint (Doc. 44). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On May 6, 2021, Plaintiff Manuel Tijerino brought this action under the Family Medical Leave Act ("FMLA") against his employer Defendant Administrators of the Tulane Educational Fund. On December 5, 2022, this Court granted summary judgment in Defendant's favor, holding that Plaintiff's claim for failure to notify him regarding his rights under the FMLA was time-barred and that Plaintiff could not succeed on his claim for FMLA retaliation because he had not created a material issue of fact regarding whether

1

Defendant's reasons for his termination were pretextual or motivated in part by his need for FMLA leave. Judgment was entered dismissing Plaintiff's claims with prejudice on December 6, 2022. Plaintiff did not timely file a Motion for Reconsideration under Rule 59 or appeal the Court's decision to the Fifth Circuit.

On October 30, 2023, Plaintiff filed *pro se* the instant motion, entitled Motion for Leave to Amend Complaint Pursuant to Rule 60. The Court will construe this Motion as one for relief from final judgment under Federal Rule of Civil Procedure 60. Defendant opposes.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 60 provides a mechanism by which a party may seek relief from a final judgment, order, or proceeding.[1] Federal Rule of Procedure Rule 60(b) provides the grounds upon which a party may seek relief from a final judgment. These grounds include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[2]

---

[1] Fed. R. Civ. P. 60.
[2] *Id.*

"Rule 60(b) relief will only be afforded in 'unique circumstances.'"[3]

## LAW AND ANALYSIS

Plaintiff offers two reasons in support of reopening his case and setting aside the judgment in favor of Defendant: (1) his attorney's ineffective representation; and (2) new evidence. Specifically, Plaintiff complains that his attorney failed to present all of the relevant evidence in opposition to Defendant's Motion for Summary Judgment and mistakenly missed the deadline to file a Rule 59 motion after summary judgment was granted. Further, Plaintiff contends that he recently obtained an "unaltered" copy of his deposition that contains evidence "pivotal" to his case.

Neither of the aforementioned reasons justify relief under Rule 60(b). The Fifth Circuit makes clear that carelessness or negligence on the part of a party's counsel is not sufficient for relief under Rule 60(b).[4] "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."[5] "[W]ere this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency . . . [the] meaningful finality of judgment[s] would largely disappear."[6]

---

[3] Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993).

[4] *Id.*

[5] *Id.*

[6] James v. Rice Univ., 80 F. App'x 907, 911 (5th Cir. 2003) (affirming denial of Rule 60 motion when attorney's mistakes resulted in dismissal of the plaintiff's claim for want of prosecution).

3

Further, Rule 60(b)(2) limits relief on the basis of new evidence to evidence that "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Plaintiff's deposition transcript surely does not meet this requirement. As a participant in the deposition, Plaintiff should have been aware of the evidence elicited therein, and his attorney could have with reasonable diligence obtained a transcript thereof in time to oppose Defendant's Motion for Summary Judgment.[7] Finally, Plaintiff has failed to provide "specific evidence in his motion for relief that he ha[s] a 'fair probability of success on the merits' if the judgment were set aside, and thus relief under Rule 60(b)(1) would be improper."[8]

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED.**

New Orleans, Louisiana this 11th day of December, 2023.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[7] *See* In re Bustos, No. MC 23-532, 2023 WL 5751136, at *2 (E.D. La. Sept. 6, 2023).
[8] Long v. James, 667 F. App'x 862, 863–64 (5th Cir. 2016).

4